IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Lurie Taylor, | ) | Civil Action No.: 1:11-1834-MGL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Carolyn W. Colvin[1], | ) | |
| Acting Commissioner | ) | OPINION AND ORDER |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 30). Plaintiff seeks an award of $4,657.50[2] in attorney's fees representing 15 hours of attorney time compensated at $180.00 per hour and 21.75 hours of work performed by a paralegal compensated at $90.00 per hour. Plaintiff asserts he is entitled to an award under EAJA because he was the prevailing party and Defendant's position in the Social Security disability appeal was not substantially justified. ECF No. 30). Plaintiff also asserts that the amount of fees requested is reasonable. *Id.* Defendant opposes

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.

[2] Plaintiff originally sought $4,657.50 in attorney's fees based upon 15 hours of attorney's time and 21.75 hours of paralegal time. After Defendant opposed the motion for fees, Plaintiff requested a supplemental EAJA award of $270.00 to reflect 1 additional attorney hour and 1 additional paralegal hour for a total of $4,927.50 in requested attorney's fees. The arguments set forth in Plaintiff's reply brief do not differ substantially from those made in the opening petition. Moreover, "Replies to responses are discouraged." Local Rule 7.07, DSC. The Court finds Plaintiff's amended request is unreasonable and instead considers whether he is entitled to the fee amount set forth in the original petition.

an award under EAJA, arguing that the Government's position was substantially justified. (ECF No. 31).

Under the provisions of EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991), "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988).

In this matter, the Court reversed the denial of disability benefits due to the Administrative Law Judge's ("ALJ") failure to consider the combined effects of Plaintiff's impairments, as required by 42 U.S.C. § 423(d)(2)(B), and flawed finding regarding Plaintiff's past relevant work ("PRW"). The errors by the ALJ constituted matters of settled law in the area of Social Security disability law, and the court finds that Defendant cannot carry its burden of showing that its position was substantially justified. Thus, Plaintiff is entitled to an award of attorney's fees under EAJA.

Defendant has not challenged Plaintiff's asserted hours or rate of compensation. However, the Court has made an independent review of itemized Plaintiff's attorney time and rates and litigation costs and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). The court notes that Plaintiff also seeks supplemental EAJA fees of $270.00 for an additional 1 hour of attorney time and 1 hour of paralegal time that was necessary to reply to Defendant's objections Plaintiff's fee request. Upon review, the Court finds Plaintiff's supplemental request unreasonable.

Accordingly after consideration of the memoranda submitted and Defendants' objections which are overruled, the Court GRANTS Plaintiff's motion for attorney's fees under EAJA (ECF No. 30) in the amount of $4,657.50 for 15 hours of attorney time and 21.75 of paralegal time. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

May 3, 2013
Spartanburg, South Carolina